THE TRUSTEES OF THE METHODIST EPISCOPAL CHURCH AND SOCIETY IN CUTCHOGUE, Respondents, *v.* CHARLOTTE M. REEVE, Appellant, Impleaded with J. EGBERT CORWIN and Others, Defendants.

*Legacy payable on the death of the testator's widow — when it is recoverable from her heirs at law and next of kin.*

A testator bequeathed a legacy to a church payable at the death of his widow or within one year thereafter. The widow, who was the sole executrix of the will, received sufficient property from the testator's estate to pay the legacy. She died intestate and her estate was distributed among her creditors, heirs at law and next of kin. The legacy bequeathed to the church was not paid.

*Held,* that the church was entitled, either under section 1837 of the Code of Civil Procedure, or irrespective of that statute, to maintain an action against the heirs at law and next of kin of the widow to recover the amount of the legacy.

APPEAL by the defendant, Charlotte M. Reeve, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Suffolk on the 8th day of March, 1902, upon the decision of the court rendered after a trial before the court without a jury at the Suffolk Trial Term.

*Ernest W. Tooker*, for the appellant.

*George F. Stackpole*, for the respondents.

GOODRICH, P. J.:

The decision upon which was entered the judgment appealed from directed Charlotte M. Reeve, one of the defendants, to pay a proportionate share of a legacy under the will of David R. Terry. There is no certificate that the record contains all the evidence, and consequently we must assume that there was sufficient evidence to justify the findings of fact which, briefly stated, are as follows: David R. Terry died in January, 1860, leaving a will which was duly admitted to probate. In February, 1860, letters testamentary were issued to his widow, Mary A. Terry, as sole executrix. The testator, by his will, gave a legacy of $100 to the plaintiffs, payable at the death of the widow or within one year thereafter. He left property that came into the hands of the widow, sufficient to pay the legacy. She died intestate in April, 1899, and letters of administration were issued on her estate. The accounts of the administrator were settled by a decree of the surrogate in December, 1900, by which it appears that the administrator paid to Charlotte M. Reeve, as creditor, the sum of $1,246, and to her as heir at law, the further sum of $221.83, and certain sums to the other defendants, as heirs of law or next of kin. These amounts are not essential, as the parties have not appealed.

This appeal raises the question whether the plaintiffs as legatees under the will of David can follow the assets of his estate into the hands of persons who have received it in the distribution of the estate of Mary, his widow and executrix. The appellant, Mrs. Reeve, contends that the action was improperly brought under section 1837 of the Code of Civil Procedure, as that section relates only to an action by a creditor against the next of kin, and not to an action by a legatee. It is to be observed, however, that the

plaintiffs have not brought the action against the next of kin of David, but against the next of kin of Mary. She came into possession of assets of David as his executrix, and if she had not properly administered the estate, she would have been indebted to the estate and liable to an action by a creditor. This being true, the liability was her debt, and the section distinctly authorizes an action against " the next of kin of an intestate   *   *   *   to recover, to the extent of the assets paid or distributed to them, for a debt of the decedent, upon which the action might have been maintained against the executor or administrator."

But even if this action was not within the precise wording of the section, it was maintainable irrespective of statute. In 1 Roper on Legacies (2d Am. ed), at page 439, it is said : " That a legatee, whether general, specific or residuary, is entitled to follow the assets, appears to be now settled." The author cites in his note as authority *Hill* v. *Simpson* (7 Ves. Jr. 152) and *M'Leod* v. *Drummond* (17 id. 169), where the principle is announced.

The judgment should be affirmed.

WOODWARD, HIRSCHBERG and JENKS, JJ., concurred ; BARTLETT, J., concurred in result.

Judgment affirmed, with costs.